UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

SUSAN TRIBO,

        **Plaintiff,**                  Case No.:

v.

THE PRUDENTIAL INSURANCE COMPANY OF AMERICA,

        **Defendant.**
_____/

## COMPLAINT

COMES NOW the Plaintiff, SUSAN TRIBO (hereinafter "Plaintiff"), by and through the undersigned attorneys, and files this Complaint stating a cause of action against Defendant, THE PRUDENTIAL INSURANCE COMPANY OF AMERICA (hereinafter "Defendant"), and alleges as follows:

1. This is an action for recovery of benefits under an employee welfare benefit plan brought pursuant to 29 U.S.C. §1132(a)(1)(b)(ERISA). Plaintiff seeks to recover benefits she claims are due to her under her employer's group policy issued by Defendant which she claims have been wrongfully denied.

## PARTIES

2. At all times material hereto, Plaintiff was and is an adult resident

citizen of Escambia County, Florida, and otherwise a resident of the State of Florida.

3. At all times material hereto, Defendant was and is a foreign for-profit corporation authorized to engage and engaging in business within the State of Florida, including Escambia County, Florida.

4. At all times relevant to this action, Plaintiff purchased a plan for long term disability benefits pursuant to her former employer Baptist Health Care Corporation's benefit plan, under plan number 53488 ("the Plan").

5. At all times material to this Complaint, the Plan was in full force and effect and Plaintiff was a Plan participant.

6. Defendant is in possession of all master Plan documents.

## BASIS FOR JURISDICTION

7. This Court maintains subject matter jurisdiction over this action pursuant to 29 U.S.C. §1132(e) and 28 U.S.C. §1131.

## UNLAWFUL DENIAL OF BENEFITS

8. Plaintiff realleges and incorporates paragraphs 1 through 7 as fully set out herein.

9. Plaintiff purchased through her former employer, Baptist Health Care Corporation, a contract salary continuance plan ("the Plan") that included long

term disability benefits during any period of disability as defined by the Plan.

10. On or about January 13, 2021, Plaintiff became totally disabled from her past employment as defined by the Plan, due to a variety of severe impairments including, but not limited to, severe anxiety, severe depression, irritable bowel syndrome, Sjogren's Syndrome, knee pain, tennis elbow, and other severe exertional and non-exertional impairments.

11. On or about April 4, 2021, Plaintiff submitted her application for long term disability benefits to Defendant.

12. By letter dated April 4, 2021, Defendant acknowledged receipt of Plaintiff's long term disability application.

13. By letter dated April 7, 2021, Defendant informed Plaintiff that in order for a long term disability application to be considered filed, the Defendant requires an employee's statement, employer's statement and attending physician's statement to be submitted. In the same letter, Defendant informed Plaintiff her long term disability application will be considered filed on the later of the date that the aforementioned statements are received and forty-five (45) days prior to the end of her long term disability elimination period.

14. By letter dated April 20, 2021, Defendant informed Plaintiff that her

long term disability claim was under review and requested additional medical information.

15. By letter dated April 29, 2021, Defendant approved Plaintiff for long term disability benefits covering the benefit period of April 13, 2021 through July 31, 2021.

16. By letter dated June 25, 2021, Defendant informed Plaintiff while her claim has been approved through July 31, 2021, her claim is under review to determine whether the benefit can be extended beyond July 31, 2021, and requested additional medical information.

17. By letter dated September 3, 2021, Defendant informed Plaintiff she was no longer considered eligible for long term disability benefits payable beyond August 31, 2021 and closed her claim effective September 1, 2021.

18. By letter dated February 21, 2022, Plaintiff timely appealed the denial of her long term disability benefits.

19. By letter dated March 29, 2022, Defendant determined Plaintiff was eligible for an additional closed period of long term disability benefits payable starting September 1, 2021 through October 27, 2021. Defendant terminated Plaintiff's long term disability benefits effective October 28, 2021.

20. By letter dated September 12, 2022, Plaintiff timely appealed the denial of her long term disability benefits.

21. By letter dated October 25, 2022, Defendant upheld its previous decision to terminate Plaintiff's claim for long term disability benefits effective October 28, 2021.

22. Plaintiff continues to suffer from severe anxiety, severe depression, irritable bowel syndrome, Sjogren's syndrome, knee pain, tennis elbow, and other exertional and non-exertional impairments, which render her disabled as defined by the Plan and remains entitled to long term disability benefits under the Plan.

23. Plaintiff has exhausted all available administrative remedies afforded by the Plan and has otherwise complied with all conditions precedent to this action.

WHEREFORE, Plaintiff prays for a judgment against the Defendant, THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, for all Plan benefits owing at the time of said judgment, back-due benefits from the date of the Defendant's cut-off, pre-judgment interest, attorney's fees, costs of this action, and all other relief deemed just and proper by the Court.

Dated: <u>January 4, 2023</u>.

/s/ Daniel J. Finelli
Daniel J. Finelli, Esq.
Florida Bar No.: 101084
d.finelli@solowaylawfirm.com
/s/ Daniel M. Soloway
Daniel M. Soloway, Esq.
Florida Bar No.: 508942
d.soloway@solowaylawfirm.com
Soloway Law Firm
1013 Airport Blvd.
Pensacola, FL 32504
(850) 471-3300 (T)
(850) 471-3392 (F)
Attorneys for Plaintiff